| Reap. No. | Coll. No. | Plaintiff | Entry |
|---|---|---|---|
| R67/1241 | 47060 | Rattancraft of California Harper, Robinson & Co. | 270032 |
| R67/522 | 47119 | Rattancraft of California Judson Sheldon International | 252312 |
| R67/523 | 47120 | | 242185 |
| [A8020] | | | |

**ANDREW DOSSETT IMPORTS, INC.**

**v.**

**UNITED STATES.**

**C.R.D. 72–26; No. 70/40796.**

United States Customs Court.

Dec. 15, 1972.

Glad & Tuttle, Los Angeles, Cal. (Robert Glenn White, Los Angeles, Cal., of counsel), for plaintiff.

Harlington Wood, Jr., Asst. Atty. Gen. (Joseph I. Liebman, New York City, trial attorney), for defendant.

BOE, Chief Judge:

Plaintiff has filed a motion requesting this court to direct the clerk to accept and file the complaint in the above-entitled action.

Pursuant to the rules of this court, the above action, since October 1970, had been in a status and classification referred to as the October 1970 Reserve File.

It appears that the complaint in question was mailed by the attorneys for the plaintiff on November 1, 1972, received by the clerk of the United States Customs Court on November 2, 1972, and thereupon refused by him as untimely.

The plaintiff predicates its request on rule 3.6(c) of this court, as amended, which provides:

"Additional Time After Service by Mail: Whenever a party has the right or obligation to do some act or take some proceeding within a prescribed period after the service of a pleading, motion, or other paper upon him, and the service is made by mail, 5 days shall be added to the prescribed period."

In so doing, the plaintiff asserts:

(1) the clerk of this court in April of 1972, pursuant to rule 14.6(d), sent to the plaintiff, as well as all other parties having actions pending in the October 1970 Reserve File, a notice informing them that the respective actions will be dismissed unless removed from the reserve file within the applicable period of time, to wit—October 31, 1972;

(2) as a result of the act of mailing the afore-described notice by the clerk, the plaintiff is entitled to an additional five-day period after the expiration date of October 31, 1972, during which it might file its complaint.

The court, however, is unable to agree with the reasoning of the plaintiff as to the applicability of the afore-cited rule to the issue presented by the motion before us.

█ The notice sent by the clerk in April of 1972 to the plaintiff did not

constitute " * * * the service of a pleading, motion, or other paper * * * " within the intent of rule 3.- 6(c). It was solely informative and advisory in character, and required no response or action on the part of the plaintiff other than to comply with the provisions as set forth, with particularity, in rule 14.6 of this court.

Rule 14.6(c) of this court is explicit with respect to the period of time during which an action might remain in such a reserve status or classification:

"Dismissal for Lack of Prosecution: An action which is not removed from the reserve file within a period of 2 years shall be dismissed for lack of prosecution, and in the absence of the filing of a motion under paragraph (e) of this rule, the clerk shall enter an order of dismissal without further direction of the court. The applicable 2-year period shall begin to run from the last day of the month in which the action is commenced, and shall end on the last day of the 24th month thereafter."

In like manner, rule 14.6(b) is equally explicit as to the manner in which life might be preserved in an action by removing the same from its reserve file status and classification, prior to the expiration date provided by rule 14.6(c) afore-cited:

"Removal from Reserve File: An action may be removed from the reserve file: (1) upon the filing of a complaint pursuant to Rule 4.4; or (2) upon the granting of a motion for consolidation pursuant to Rule 10.3 or for suspension pursuant to Rule 14.- 7(b); or (3) upon submission of the action to the court for decision upon an agreed statement of facts pursuant to Rule 8.1."

▪ The requirements of rule 14.6, as contained specifically in subparagraph (c), refer not to the service of papers as contemplated in rules related to the time permitted "to do some act or take some proceeding within a pre-

scribed period after the service of a pleading, motion, or other paper upon him * * * " (rule 3.6(c)), but rather to the actual physical delivery of the paper in question.

▪ The term "filing" does not embrace as an inclusive corollary the term "service". Rule 4.1(e) is most definitive in its import in stating:

" * * * Filing is completed upon receipt by the clerk or his appointed deputy clerk."

Rule 4.1(e) may be compared with rules 5(d) and 5(e) of the Federal Rules of Civil Procedure relating to the filing of papers with the United States District Courts. It will be noted that these rules require actual delivery and receipt of the paper or document by the appropriate official before filing is established. 2 Moore's Federal Practice ¶ 5.11; 1 Barron and Holtzoff Federal Practice and Procedure § 205, Rules Edition.

As defined by the United States Supreme Court in the case of United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916):

" ' * * * The word "file" is derived from the Latin word "filum" and relates to the ancient practice of placing papers on a thread or wire for safekeeping and ready reference. Filing, it must be observed, is not complete until the document is delivered and received. "Shall file" means to deliver to the office and not send through the United States mails. * * * A paper is filed when it is delivered to the proper official and by him received and filed. * * * ' "

This question was presented to the Court of Customs and Patent Appeals in the case of Minkap of California, Inc. v. United States, 55 CCPA 1, C.A.D. 926 (1967). In determining that a motion for rehearing, mailed within a thirty-day time limitation but not actually delivered to the clerk until after the expiration of said time limitation, was not

filed timely in accordance with statutory and rule requirements, the court stated:

> "In our view, the mailing of a motion or otherwise placing same in the course of delivery to its intended recipient does not constitute the making thereof until delivered to the official designated to receive same for the purpose intended. In other words, the motion is not made within the contemplation of the Statute until *filed* with the clerk." (Cases cited.)

Further indication as to the finality of the intended expiration date with respect to the causes of action that may be included within a reserve file status or classification may be found in the provisions contained in subparagraph (e) of rule 14.6. It will here again be noted that the rule is most explicit and definite with respect to a motion for an extension of time beyond the expiration of the reserve file deadline. In order to assure that no uncertainty might exist with respect to the finality of the expiration deadline, it will be noted that any such motion for an extension of time must be filed with the clerk not later than fifteen (15) days prior thereto. It is further provided that an objection or response must be filed within ten (10) days after the filing of the motion for extension. The definitive provisions contained in rule 14.6 to no extent will permit the inclusion of an additional time period of five (5) days, as prescribed by rule 3.6(c).

Accordingly, it is the opinion of this court that the time for filing the complaint in the above-entitled action terminated on October 31, 1972, and that the clerk of this court, having not received the complaint in question on or before said date, was not permitted under the rules of this court to accept the same for filing.

Let an order be entered accordingly.