**TEXAS MEX BRICK & IMPORT CO.**

**v.**

**UNITED STATES.**

**C.R.D. 74–2; Court No. 73–8–02236.**

United States Customs Court.
Jan. 30, 1974.

Stein & Shostak, Los Angeles, Cal. (Marjorie M. Shostak, Los Angeles, Cal., of counsel), for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen. (John A. Gussow, trial atty., New York City), for defendant.

## OPINION AND ORDER ON DEFEND-ANT'S MOTION TO DISMISS AND PLAINTIFF'S CROSS-MO-TION TO CORRECT FILING DATE ON SUMMONS

NEWMAN, Judge:

This is a civil action brought by plaintiff pursuant to 28 U.S.C. § 2632(a) to contest the denial of a protest.[1]

Defendant has moved to dismiss the action on the ground that it was not filed within the time prescribed by § 2631(a)(1);[2] plaintiff has interposed a cross-motion pursuant to rules 3.2(d)(2) and 3.2(d)(3)[3] to correct the rec-

---

**1.** Section 2632(a) provides:

"(a) A party may contest denial of a protest under section 515 of the Tariff Act of 1930, as amended, or the decision of the Secretary of the Treasury made under section 516 of the Tariff Act of 1930, as amended, by bringing a civil action in the Customs Court. A civil action shall be commenced by filing a summons in the form, manner, and style and with the content prescribed in rules adopted by the court".

**2.** Section 2631(a)(1) provides:

"(a) An action over which the court has jurisdiction under section 1582(a) of this title is barred unless commenced within one hundred and eighty days after:

"(1) the date of mailing of notice of denial, in whole or in part, of a protest pursuant to the provisions of section 515(a) of the the Tariff Act of 1930, as amended;
* * *".

**3.** Rule 3.2(d) provides:

"(1) The records of the clerk, including the date of filing stamped on the summons, shall be final and conclusive evidence of the date on which a summons was filed unless a motion to correct the record is made and granted pursuant to subparagraph (2) of this paragraph (d).

"(2) A party who contends that the effective filing date of a summons should be a date other than the date shown in the records of the clerk may seek a corrective order by motion made pursuant to Rule 4.12, and the court may, upon satisfactory proof that the records of the clerk with respect to the filing date were incorrect, order the record corrected.

"(3) When a summons is received through the mail by the clerk after the last date allowed by a statute of limitations for the commencement of an action, the court may, upon motion made pursuant to subparagraph (2) of this paragraph (d), order the summons to be deemed to have been filed on the last date allowed if it is shown upon satisfactory proof: that the summons was sent by registered or certified mail, properly addressed to the clerk of the court at One Federal Plaza, New York, New York 10007, with return receipt requested; that it was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail; and that the person sending the summons exercised no control over the mailing between the deposit of the summons in the mail and its delivery".

ords of the clerk of the court, including the date of filing stamped on the summons. In opposition to plaintiff's cross-motion, defendant contends that rule 3.2(d)(3) is *"ultra vires"* and unconstitutional.[4] Defendant's contention raises an issue of first impression in this court. I have concluded that defendant's motion to dismiss should be denied; and plaintiff's cross-motion to correct the filing date of the summons should be granted.

## I.

Affidavits submitted by plaintiff in support of its cross-motion establish the following facts, which are not in dispute:

The summons was placed in an envelope properly addressed to the clerk of the court. That envelope was deposited on Friday, August 3, 1973 before 1:00 p. m. in the postal receptacle for metered mail in the mailroom at 3435 Wilshire Boulevard, Los Angeles, California. Such postal receptacle bears a sign indicating that mail is removed therefrom daily, Monday through Friday, at 8:10 a. m., 1:00 p. m., 4:00 p. m., 4:35 p. m. and 5:35 p. m. The proper amount of postage was affixed to the envelope for mailing, via certified air mail, with return receipt requested. Air mail service to New York from Los Angeles normally takes two days. Hence, the posting of the summons on Friday, August 3, 1973 was sufficiently in advance of Monday, August 6, 1973, the last day for timely filing of the summons, to have reached the clerk's office by the last day in *the "ordinary course" of the air mail.* No control was exercised by the sender over the mailing of the summons between its deposit in the mail and its late delivery on Tuesday, August 7, 1973. In short, plaintiff has complied with all the mailing requirements specified in rule 3.2(d)(3).

The summons was stamped "RECEIVED" and "FILED" August 7, 1973 by the clerk; and a photostatic copy of the return receipt, submitted by plaintiff, shows delivery by the post office on August 7, 1973.

## II.

It is, of course, fundamental that timely filing of a summons is a jurisdictional condition for bringing a civil action in this court, and such a condition must be strictly observed.[5] Cf. Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Thus, contends defendant, inasmuch as plaintiff did not file its summons within the 180-day limitation period imposed by § 2631(a)(1), the action must be dismissed for lack of jurisdiction.

Further, respecting plaintiff's cross-motion, defendant asserts that rule 3.2 (d)(3) "constitutes an unconstitutional and *ultra vires* exercise of this Court's judicial power; to wit, * * * this Court, through its promulgation of Rule 3.2(d)(3), has, without lawful authority, provided for an enlargement of the period within which the Congress has provided that an action may be commenced against the United States in this forum".[6]

---

4. A recent application by defendant for a three-judge panel pursuant to 28 U.S.C. § 255 and rule 4.13 was denied by Chief Judge Nils A. Boe in an unpublished order, entered January 3, 1974. Defendant's application was predicated on the grounds "that the subject proceedings raise (1), an issue of the constitutionality of a Rule promulgated by this Court and (2), issues of broad or significant implications in the judicial administration of the customs laws".

5. Prior to the Customs Courts Act of 1970, P.L. 91–271, the timely filing of a protest was a condition precedent to this court's jurisdiction. James Akeroyd & Son v. United States,

19 CCPA 249, T.D. 45341 (1931); United China & Glass Co. v. United States, 66 Cust. Ct. 207, 211–12, C.D. 4191 (1971); W. A. Gleeson v. United States, 62 Cust.Ct. 740, C.D. 3857 (1969), aff'd 432 F.2d 1403, 58 CCPA 17, C.A.D. 998 (1970); Slazengers, Inc. v. United States, 39 Cust.Ct. 142, C.D. 1919, 158 F.Supp. 726 (1957); State Distributing Co. v. United States, 22 Cust.Ct. 302, Abstract 53105 (1949).

6. Defendant does not dispute the validity of rule 3.2(d) insofar as it authorizes the correction of a clerical error in stamping an inaccurate filing date on a summons.

Plaintiff, on the other hand, urges that pursuant to rule 3.2(d)(3) this action was filed in compliance with the statute of limitations, and as indicated above asks that the records of the clerk, including the date of filing stamped on the summons (August 7, 1973), be corrected to show timely filing (August 6, 1973).

In reply to defendant's contention that rule 3.2(d)(3) is invalid, plaintiff insists "that Rule 3.2(d)(3) is clearly a proper exercise of the statutory rulemaking authority specifically granted to this Court by Congress in 28 U.S.C. § 2632(a), as amended. * * * The authority thereby granted to the Customs Court is clearly sufficiently broad in its scope to include the promulgation of the special provisions of Rule 3.2(d) [(3)]".

### III.

The issue presented, then, is whether a summons *received* after the expiration of the period prescribed by § 2631(a)(1) may, within the scope of the court's authority to adopt rules, be deemed to have been timely *filed*.

■■■ Generally, a summons or other paper is "filed" when it is *received* by the court. Andrew Dossett Imports, Inc. v. United States, 69 Cust.Ct. 334, C.R.D. 72–26, 351 F.Supp. 1404 (1972). However, rule 3.2(d)(3) provides, in effect, that a summons "received" after the expiration of the filing period specified in § 2631(a)(1) may be deemed to have been timely "filed" if such summons was mailed in the manner prescribed.[7] Therefore rule 3.2(d)(3), in effect, creates an exception to the general rule that a summons is filed upon receipt, and provides instead that the summons is deemed filed on the last date allowed for commencing an action. I am clear that this court has authority to explicitly provide that something other than receipt may constitute the filing of the summons, particularly since under § 2632(a) Congress specifically authorized this court to adopt rules governing the "manner" of filing a summons.

While rule 3.2(d)(3) plainly contemplates *receiving* a summons after the expiration of the statutory filing period (if mailed in the prescribed manner), such rule does not purport to extend the statutory period for *filing* a summons, since if the requisites of mailing are complied with, the summons is deemed timely filed (viz., on the last date allowed under § 2631(a)(1)). Thus, the rule merely purports to make reasonable provision for delays in the *receipt* of summonses sent through the mail, not delays in *filing* summonses.

In Charlson Realty Company v. United States, 384 F.2d 434, 445, 181 Ct.Cl. 262 (1967),[8] the Court of Claims enun-

7. Such rule is analogous in its purpose to United States Supreme Court Rule 22(2), 28 U.S.C., as amended, which provides that petitions for a writ of certiorari to review the judgment of the court of appeals in a criminal case "shall be deemed filed in time if mailed by air-mail under a postmark dated within the thirty-day period or due extension thereof" if the original judgment in such case was entered in a district court in Alaska, Guam, Hawaii, Puerto Rico, the Virgin Islands, or the Canal Zone.

8. In *Charlson,* the petition initiating the action was, as the summons here, sent to the court via the mail and stamped as filed one day after the applicable statute of limitations had expired. Nevertheless, the Court of Claims held that the petition was received through the mail before the expiration of the limitation period on the basis that a letter which is properly sealed, stamped, addressed and deposited in the United States mail is presumed to have been received by the addressee in the due course of the mail. In our case, however, plaintiff does not claim that the summons was *received* by the court within the 180-day filing period, but on the contrary concedes that the summons was *received* "after the last date allowed by the statute of limitations for the commencement of an action", as provided in rule 3.2(d)(3). Consequently, on the facts and issue presented, *Charlson* is perhaps distinguishable from the present case.

But I wish to stress that I am in total agreement with the rationale of *Charlson;* and indeed, I would reach the same conclusion here were there no *Charlson* case or "Charlson Rule" (see *infra*).

ciated the rationale justifying a rule such as 3.2(d)(3):

> The Court of Claims is a national court and receives petitions from all parts of the country. It is the almost universal practice of litigants and lawyers residing outside of the Washington area to send their petitions to the court by United States mail. It is impossible for them to know exactly what day or hour a petition will actually arrive at the court. All that they can do is mail their petitions in time to arrive at the court in due course of the mails, or journey to Washington and deliver them in person to the clerk. The latter course is far too expensive, time-consuming, and inconvenient to be expected of them. * * *

Also apropos are the observations of Senior Judge Jones in his concurring opinion in *Charlson* (384 F.2d at pp. 446–447):

> The principle had already been established that if mailed in time to reach destination in the normal course of transmission before the expiration of the limitation period, the court may, if in its judgment the facts of the case justify such action, conclude that the filing papers arrived at the court within the prescribed time. There is every reason to apply the principle enunciated by the *Arkansas Motor Coaches* decision to the situation in the instant case. *The prior ruling by the circuit court in the Arkansas Motor Coaches case merely puts the local litigant and the out-of-town claimant on a more nearly even basis, and removes at least a part of the discrimination against the out-of-town claimant.*
>
> This rule is especially important in the United States Court of Claims which has national jurisdiction. The commissioners are sent all over the United States to conduct trials for the convenience of litigants, but the court's situs is Washington, D.C. *The mailing privilege is especially needful for Pacific coast litigants, 3,000 miles away,* and for people in Hawaii and Alaska who are several thousand miles farther away. *Why should they have their limitation period shortened several days as against litigants living near Washington, D.C.?* Many of the Government installations are on the coast. Manifestly, it is impractical to get on the train or plane and carry the document to Washington, D.C., at great expense. [Emphasis added.]

This court, like the Court of Claims, has national jurisdiction, and parties invoking Customs Court jurisdiction necessarily depend greatly upon the mail for the service and filing of papers. Hence, it is indeed appropriate that this court has promulgated a rule very similar to rule 21(b)(2)(iii) of the Court of Claims.[9] Significantly, the Court of Claims promulgated this rule as a result of *Charlson*, which rule, in point of fact, is known as the "Charlson Rule". See Rules of the United States Court of Claims, Index at page 174. And significantly, too, the Customs Court adopted the "Charlson Rule" with minor changes in language to conform to our practice.

9. Rule 21(b)(2)(iii) of the Court of Claims provides:

"(iii) In a situation where a petition is stamped by the clerk after the last date allowed by a statute of limitations for the filing of the petition, if the petition was received by the clerk through the mail, it may, by order of the court, upon motion of the party plaintiff, be deemed to have been filed on the last date allowed if there is a proper showing (a) that the petition was sent by registered mail, properly addressed to the clerk of the court at 717 Madison Place, N.W., Washington, D.C. 20005, and with return receipt requested, (b) that it was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail, and (c) that the party plaintiff as sender exercised no control over the mailing between the deposit of the petition in the mail and its delivery".

No cases have been called to my attention challenging the validity of this rule, and independent research reveals none.

Parenthetically, looking back nostalgically to the halcyon days of college and law school, I was employed for a few years by the United States Post Office, and observed at firsthand the peripatetic adventures of a letter from mailing to delivery. I wish to observe that nothing in the expertise so gained can serve to change my findings relative to the justification for a rule such as this court's rule 3.2(d)(3).

In sum, I hold that rule 3.2(d)(3) is within the scope of the court's authority to adopt rules; and that such rule does not conflict with, abrogate, or extend the 180-day time period specified by 28 U.S.C. § 2631(a)(1) for the commencement of an action by filing a summons.

## IV.

We now reach the question of whether plaintiff has complied with the terms and conditions of rule 3.2(d)(3). As mentioned before, the facts stated in the moving affidavits submitted by plaintiff are not controverted in any manner by defendant. The affidavits establish that in *the ordinary course of the mail*, the summons would have reached the court on Monday, August 6, 1973. Moreover, in American Import Company v. United States, Court No. 71–6–00446 and American Import Company v. United States, Court No. 71–6–00447 (actions pending), plaintiff's motions under rule 3.2(d)(3) were granted by then Chief Judge Paul P. Rao in unpublished orders entered September 14, 1971, over defendant's objection that Friday, June 25, 1971 was not sufficiently in advance of Monday, June 28, 1971, the last date permitted for filing, to allow for timely receipt of a summons by the clerk in the ordinary course of the mail from Los Angeles. In the *American Import* cases, defendant did not question the validity of rule 3.2(d)(3), but merely disputed plaintiff's compliance with its provisions.

*Under all the facts and circumstances herein,* I find no difficulty in concluding that plaintiff has shown by "satisfactory proof" that it has fully complied with the terms and conditions of mailing imposed by rule 3.2(d)(3); and that the summons should be deemed filed on August 6, 1973, the last date allowed for filing in accordance with § 2631(a)(1). Accordingly, it is ordered:

1. Defendant's motion to dismiss is denied.

2. Plaintiff's cross-motion to correct the records of the clerk, including the date of filing stamped on the summons, is granted.

3. The summons in this civil action is deemed to have been filed on August 6, 1973; and the records of the clerk, including the date of filing stamped on the summons, shall be corrected to show the date of filing said summons was August 6, 1973.