(C.R.D. 74–10)

MODERN CLOTHING, INC. *v.* UNITED STATES

Court No. 74–2–00585

(Dated September 27, 1974)

*Musgrave, Welbourn & Fertman* (*Leonard M. Fertman* of counsel) for the plaintiff.

*Carla A. Hills,* Assistant Attorney General (*Saul Davis* and *Michael S. O'Rourke,* trial attorneys), for the defendant.

MALETZ, Judge: This is a civil action brought by plaintiff pursuant to 28 U.S.C. (1970 ed.) § 2632(a) to contest the denial of six protests which were included in a single summons.[1]

Plaintiff has moved, pursuant to this court's rules 3.2(d)(2) and 3.2(d)(3), to correct the records of the clerk of the court with respect to the date of filing that was stamped by the clerk on the summons. Defendant in turn has filed a cross-motion to dismiss the action insofar as it relates to the entries covered by protest no. 2704–3–002819 on the ground that rule 3.2(d)(3) is "unconstitutional" and "*ultra vires*" and that the action as it relates to this protest was therefore not filed within the time prescribed by § 2631(a)(1).[2]

Rule 3.2(d) provides as follows:

(1) The records of the clerk, including the date of filing stamped on the summons, shall be final and conclusive evidence of the date on which a summons was filed unless a motion to correct the record is made and granted pursuant to subparagraph (2) of this paragraph (d).

---

[1] Section 2632(a) provides:

(a) A party may contest denial of a protest under section 515 of the Tariff Act of 1930, as amended, or the decision of the Secretary of the Treasury made under section 516 of the Tariff Act of 1930; as amended, by bringing a civil action in the Customs Court. A civil action shall be commenced by filing a summons in the form, manner, and style and with the content prescribed in rules adopted by the court.

[2] Section 2631(a)(1) provides:

(a) An action over which the court has jurisdiction under section 1582(a) of this title is barred unless commenced within one hundred and eighty days after:

(1) the date of mailing of notice of denial, in whole or in part, of a protest pursuant to the provisions of section 515(a) of the Tariff Act of 1930, as amended; * * *

It is to be noted that in accordance with defendant's request, oral argument was held on the cross-motions.

(2) A party who contends that the effective filing date of a summons should be a date other than the date shown in the records of the clerk may seek a corrective order by motion made pursuant to Rule 4.12, and the court may, upon satisfactory proof that the records of the clerk with respect to the filing date were incorrect, order the record corrected.

(3) When a summons is received through the mail by the clerk after the last date allowed by a statute of limitations for the commencement of an action, the court may, upon motion made pursuant to subparagraph (2) of this paragraph (d), order the summons to be deemed to have been filed on the last date allowed if it is shown upon satisfactory proof: that the summons was sent by registered or certified mail, properly addressed to the clerk of the court at One Federal Plaza, New York, New York 10007, with return receipt requested; that it was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail; and that the person sending the summons exercised no control over the mailing between the deposit of the summons in the mail and its delivery.

The facts—which have been established by an affidavit submitted by counsel for plaintiff—are not in dispute. They are as follows: The summons in the case was sent by certified airmail on Monday, February 25, 1974, properly addressed to the clerk of the court, with return receipt requested. It had affixed thereto the proper amount of airmail postage and was deposited personally by counsel for plaintiff in the airmail receptacle at the Los Angeles International Airport Post Office at about 4.30 p.m., February 25, 1974—which was prior to the final collection of airmail on that day. The posting of the summons on Monday, February 25, 1974, was sufficiently in advance of Wednesday, February 27, 1974—the last day for timely filing of the summons—to have reached the clerk's office by the last day in the ordinary course of the airmail. However, the summons was not delivered to the clerk's office until Thursday, February 28, 1974.[3] No control was exercised by the sender over the mailing of the summons between its deposit in the mail and its late delivery. From the foregoing, it is clear that all the mailing requirements prescribed by rule 3.2(d)(3) have been met by plaintiff—and defendant so concedes.

Defendant, however, challenges the statutory validity of rule 3.2(d)(3) contending, as previously mentioned, that it is "unconstitutional" and "ultra vires." As to this, it is important to observe that an identical argument challenging the validity of this rule was previously made

---

[3] The summons was stamped by the clerk "Received" and "Filed" February 28, 1974. Also, a photostatic copy of the return receipt, submitted by plaintiff, shows delivery by the post office on February 28, 1974.

by defendant and rejected by this court in *Texas Mex Brick & Import Co.* v. *United States*, 72 Cust. Ct. 291, C.R.D. 74–2, 371 F. Supp. 579 (1974). In *Texas Mex* Judge Newman held, in a cogent and well-reasoned opinion, that "rule 3.2(d)(3) is within the scope of the court's authority to adopt rules; and that such rule does not conflict with, abrogate, or extend the 180-day time period specified by 28 U.S.C. § 2631(a)(1) for the commencement of an action by filing a summons." 72 Cust. Ct. at 295, 371 F. Supp. at 584. To quote from his opinion (72 Cus. Ct. at 293–4, 371 F. Supp. at 582) :

> Generally, a summons or other paper is "filed" when it is *received* by the court. *Andrew Dossett Imports, Inc.* v. *United States*, 69 Cust. Ct. 334, C.R.D. 72–26, 351 F. Supp. 1404 (1972). However, rule 3.2(d)(3) provides, in effect, that a summons "received" after the expiration of the filing period specified in § 2631 (a)(1) may be deemed to have been timely "filed" if such summons was mailed in the manner prescribed. Therefore rule 3.2 (d)(3), in effect, creates an exception to the general rule that a summons is filed upon receipt, and provides instead that the summons is deemed filed on the last date allowed for commencing an action. I am clear that this court has authority to explicitly provide that something other than receipt may constitute the filing of the summons, particularly since under § 2632(a) Congress specifically authorized this court to adopt rules governing the "manner" of filing a summons.
>
> While rule 3.2(d)(3) plainly contemplates *receiving* a summons after the expiration of the statutory filing period (if mailed in the prescribed manner), such rule does not purport to extend the statutory period for *filing* a summons, since if the requisites of mailing are complied with, the summons is deemed timely filed (viz., on the last date allowed under § 2631(a)(1)). Thus, the rule merely purports to make reasonable provision for delays in the *receipt* of summonses sent through the mail, not delays in *filing* summonses. [Emphasis in original.]

Further in *Texas Mex*, Judge Newman, after discussing the case
of *Charlson Realty Company* v. *United States*, 384 F.2d 434 (Ct.
Hence, it is indeed appropriate that this court has promulgated
Claims, 1967), added (72 Cust. Ct. at 295, 371 F. Supp. at 583) :
Significantly, the Court of Claims promulgated this rule as a
a rule very similar to rule 21(b)(2)(iii) of the Court of Claims.
and parties invoking Customs Court jurisdiction necessarily de-
result of *Charlson*, which rule, in point of fact, is known as the
This court, like the Court of Claims, has national jurisdiction,
"Charlson Rule". See Rules of the United States Court of Claims,
Index at page 174. And significantly, too, the Customs Court
pend greatly upon the mail for the service and filing of papers.
adopted the "Charlson Rule" with minor changes in language to
conform to our practice.

Suffice it to say that I am in entire accord with the decision in *Texas Mex* and therefore hold that rule 3.2(d)(3) is a statutorily valid exercise of the court's authority.

Finally, defendant requests that if its cross-motion to dismiss in part be denied, the court should issue a statement pursuant to rule 13.2(a) that a controlling question of law is involved as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation. This request for issuance of a rule 13.2(a) statement is denied. For, in my view, there is no controlling question of law involved as to which there is a substantial ground for difference of opinion. Nor do I believe that an immediate appeal from the order may materially advance the ultimate determination of the present litigation.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to correct the records of the clerk, including the date of filing stamped on the summons, be granted.

2. The summons in this action shall be deemed to have been filed on February 27, 1974; and the records of the clerk, including the date of filing stamped on the summons, shall be corrected to show that the date of the filing of the summons was February 27, 1974.

3. Defendant's cross-motion to dismiss in part be denied.

4. Defendant's request for issuance of a rule 13.2(a) statement be denied.