view of this conclusion the court does not reach plaintiff's alternative claim for classification of the iron under the TSUS basket clause in item 799.00. Plaintiff's claim is sustained. And judgement will be entered herein accordingly.

(C.D. 4651)

HAROLD KOREN & CO., INC. *v.* UNITED STATES

Court No. 75-10-02526

(Dated May 26, 1976)

*Serko & Simon* (*Joel K. Simon* of counsel) for the plaintiff.
*Rex E. Lee*, Assistant Attorney General (*Andrew P. Vance*, Chief, Customs Section, and *Edmund F. Schmidt*, trial attorney), for the defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge: Defendant's motion to sever and dismiss a portion of this action [1] places in issue the validity of rule 3.2(b)[2] of the rules of this court which provides in essence that a summons, the filing of which is a jurisdictional prerequisite to the commencement of an action in this court,[3] shall be deemed filed as of the date of postmark.

The summons in question was mailed on the last day allowed for commencement of an action [4] and was received by the court on the following day. The defendant challenges the validity of a rule which would consider the summons to have been filed on the day it was mailed, arguing that "filing" means receipt by the court and any rule which allows an action to be commenced by a summons actually

---

[1] The motion is directed at the entries covered by protest Nos. 1001-4-020012 and 1001-4-020569.

[2] Rule 3.2(b) provides that:
> For purposes of commencement of an action, a summons sent by registered or certified mail properly addressed to the clerk of the court at One Federal Plaza, New York, New York 10007, with the proper postage affixed and return receipt requested, shall be deemed filed as of the date of postmark.

[3] Section 113 of the Customs Courts Act of 1970, 28 U.S.C. § 2632(a), provides as follows:
> Customs Court procedure and fees.
> (a) A party may contest denial of a protest under section 515 of the Tariff Act of 1930, as amended, or the decision of the Secretary of the Treasury made under section 516 of the Tariff Act of 1930, as amended, by bringing a civil action in the Customs Court. A civil action shall be commenced by filing a summons in the form, manner, and style and with the content prescribed in rules adopted by the court.

[4] 28 U.S.C. § 2631(a) provides in essence for the barring of an action unless commenced within 180 days of the date of denial of the administrative protest.

received after the expiration of the allowable statutory period expands the jurisdiction of the court beyond that granted by statute.

I have concluded that as praiseworthy as were the motives for its promulgation this rule does indeed operate to expand the jurisdiction of the court to allow the commencement of actions at a time not permitted by the statute. Underlying this conclusion is my opinion that the word "filing" means receipt by the court; that the power given to the court to prescribe the "form, manner, and style" of filing is not so extensive as to allow mailing to be treated as filing, nor can the court create an evidentiary presumption of timely filing under these circumstances.[5]

I have not formed these opinions without a keen awareness of the misfortune that will befall some parties who relied on this rule in good faith. However, no degree of sympathy or sentiment of regret can withstand the absolute primacy of the principle of law which is at work here; that it is the Congress which determines the jurisdiction of this court. The power of the court, great as it is, must be exercised within the jurisdictional limits of the statute. Not even the most generous inclination to find an equitable solution can allow me to ignore or circumvent the basic jurisdictional requirement that an action must be commenced by the method of filing a summons at the proper time.

The rule here at issue must be immediately distinguished from rules which do not operate in relation to specific statutory jurisdictional limitations. Thus, rule 22 of the Supreme Court rules, which among other things fixes the time for filing a petition for writ of certiorari, provides for timely mailing to be deemed timely filing in the case of petitions from judgments entered in district courts outside the continental United States. In addition, the Supreme Court can relax the time requirements of the rule in the exercise of its discretion and in the interests of justice. See, *Schacht* v. *United States*, 398 U.S. 58 (1970). All this results from the fact that the statute under which rule 22 was promulgated contains no specific indication of the time limits to be allowed or the exact method by which petitions are to be "commenced". 18 U.S.C. § 3772 gives the Supreme Court the authority to " * * * prescribe the times for and manner of taking appeals and applying for writs of certiorari * * *." Thus, the Supreme Court is

---

[5] I express no opinion regarding what the court may do in the less extreme circumstance of a summons which was mailed sufficiently in advance of the last day to support an expectation that it would arrive on time in the ordinary course of the mail although I must admit to being uncertain whether the previous rule governing filing of a summons, rule 3.2(d)(3), could withstand the logical consequences of the analysis I make herein. Rule 3.2(d)(3) provided that when a summons arrived late, the court, on motion, could order it "to be deemed to have been filed" on the last allowable day upon proof of mailing by registered or certified mail sufficiently in advance of the last day to provide for receipt in the ordinary course of mail. That rule was upheld in *Texas Mex Brick & Import Co.* v. *United States*, 72 Cust. Ct. 291, C.R.D. 74-2 371 F. Supp. 579 (1974) and *Modern Clothing, Inc.* v. *United States*, 73 Cust. Ct. 233, C.R.D. 74-10 (1974).

free to prescribe rules regarding time and method and even relax those rules entirely without exceeding any statutory jurisdictional limitations.

The same cannot be said of the rules this court may prescribe regarding the commencement of an action. In our case the controlling statute sets out both the time limit within which actions must be commenced and the method by which they are to be commenced, which is "filing".

I have found no support for the proposition that "filing" can mean something other than the act of delivering the summons to the possession of the court. In the case of *United States* v. *Lombardo*, 241 U.S. 73 (1916), the government was in the position of arguing for a definition of filing as including deposit in a post office in order to support its claim that the venue of a criminal prosecution for failure to file a certain informational statement in Washington, District of Columbia, was properly laid in the district court of the state of Washington.[6] The government's theory was that the offense was begun in the state of Washington by the failure to post the required statement.

The Supreme Court rejected the government's theory, approved the district court judge's dismissal of the indictment and quoted, *inter alia*, his conclusion that "[a] paper is filed when it is delivered to the proper official and by him received and filed." There is no suggestion in the *Lombardo* case that the view of filing as receipt is a restrictive meaning developed for cases in which criminal consequences are involved and that a more flexible meaning ought to prevail in civil cases. In fact, the contrary was indicated when the Supreme Court went on to state as follows at page 78:

> * * * A court is constrained by the meaning of the words of a statute. They mark the extent of its power, and our attention has not been called to any case which decides that the requirement of a statute, *whether to secure or preserve a right* or to avoid the guilt of a crime, that a paper shall be filed with a particular officer, is satisfied by a deposit in the post office at some distant place. * * * [Emphasis supplied.]

In the sixty years since the *Lombardo* opinion, there does not appear to have been any change in the common understanding of what constitutes filing or any distinction developed between filings with criminal or civil consequences. *Travis* v. *United States*, 364 U.S. 631, 636 (1961); *Pratt* v. *First California Company, Inc.*, 517 F.2d 11 (10th Cir. 1975); *In re Imperial Sheet Metal, Inc.*, 352 F. Supp. 1149, 1151–1153 (M.D. La. 1973); *Blades* v. *United States*, 407 F. 2d 1397, 1399 (9th Cir.

---

[6] The offense in question was a failure to file with the Commissioner General of Immigration, located in Washington, D.C., an informational statement required of those who maintained alien women for the purpose of prostitution. Section 6 of the "White Slave Traffic Act" (36 Stat. 825, 826 (1910)).

1969). *Cf. Steele* v. *United States*, 390 F. Supp. 1109, 1112 (S.D. Cal. 1975).

In customs related decisions the view of filing as receipt has been generally maintained in such instances as of a statute requiring the filing of an application for review with the Court of Customs Appeals,[7] a statute governing the filing of a notice of appeal with the Court of Customs and Patent Appeals [8] and Customs Court rules requiring the filing of a motion for rehearing [9] and the filing of a complaint.[10]

In the face of the commonly accepted meaning of filing and the formidable body of case law previously discussed, I cannot believe that in providing for the court to prescribe the "form, manner, and style" of filing Congress meant anything more than the attributes of jurisdictional papers and their handling which it has customarily been the province of the courts to prescribe. The phrase "form, manner, and style" does not convey the power to consider as filing an act which has heretofore consistently and clearly been distinguished from filing. Mailing is not a form, manner or style of filing—it is a method of transmission which falls short of accomplishing the act of filing.

For the reasons expressed above, I find that rule 3.2(b) is invalid insofar as it permits the commencement of an action in this court by means of a summons which is not filed until after the expiration of the statutory period in which an action may be commenced. With respect to protest Nos. 1001–4–020012 and 1001–4–020569, the action relating thereto not having been commenced by the filing of a summons within the period provided by statute, the court is without jurisdiction in the case. It is therefore

ORDERED, that this action be and the same hereby is dismissed, insofar as it relates to the entries encompassed in protest Nos. 1001–4–020012 and 1001–4–020569, and that said entries be severed and returned to the regional commissioner at New York.

---

[7] *United States* v. *Thompson-Starrett Co.*, 12 Ct. Cust. Appls. 28, T.D. 39896 (1923).

[8] *Seneca Grape Juice Corp.* v. *United States*, 61 CCPA 118 (1974).

[9] *Minkap of California, Inc.* v. *United States*, 55 CCPA 1, C.A.D. 926 (1967).

[10] *Andrew Dossett Imports, Inc.* v. *United States*, 69 Cust. Ct. 334, C.R.D. 72-26, 351 F. Supp. 1404 (1972).