**SAN FRANCISCO NEWSPAPER PRINTING CO., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 83–9–01374.**

United States Court of International Trade.

Oct. 18, 1985.

George R. Tuttle, P.C. (Stephen S. Spraitzar), San Francisco, Cal., for plaintiff.

Richard K. Willard, Asst. Atty. Gen.; Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch (Kenneth N. Wolf), New York City, for defendant.

### Memorandum Opinion and Order

DiCARLO, Judge:

Defendant moves to sever and dismiss a part of this action for lack of jurisdiction. Considering the relevant facts in the light most favorable to plaintiff,[1] the Court grants the motion.

Plaintiff entered merchandise invoiced as "standard letterpress printing" paper from Finland, on April 19, 1979 (first entry) and May 14, 1979 (second entry).

On April 10, 1980, plaintiff filed a protest (April protest) against the classification of the second entry, and requested that the protest be forwarded to the Regional Office of the United States Customs Service (Customs) for further review and disposition. On April 30, 1980, the protest was denied without further review.

On May 1, 1980, plaintiff filed a protest (May protest) which contested the classification of the first entry and requested further review.

On September 8, 1980, plaintiff petitioned Customs pursuant to 19 U.S.C. § 1520(c) (1982), to rescind the denial of the April protest and suspend any further action on it pending final review of the May protest. Customs did not respond in writing to the petition.

Plaintiff's attorney states in an affidavit that: 1) he discussed the petition with a Customs official who said that the denial of the April protest could be rescinded; 2) the Customs official rescinded the denial on or before October 6, 1980; and 3) counsel for plaintiff did not file a summons within 180 days of April 30, 1980 because it relied on Customs' recission of the denial of the April protest.

On March 30, 1983, Customs denied the May protest and determined that the April protest should have been denied only in part. Plaintiff brought this action on September 23, 1983, contesting the denial of both protests pursuant to section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515 (1982). Jurisdiction is asserted under 28 U.S.C. § 1581(a) (1982).

Defendant now moves to sever the part of the action which contests the denial of the April protest, and dismiss it for lack of jurisdiction on the grounds that it is untimely.

The timeliness of this action is governed by 28 U.S.C. § 2636(a)(1) (1982), which states:

(a) A civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade—

(1) within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act . . . .

■ The act which triggers the running of the 180-day period prescribed by section 2636, the mailing of the denial, occured on April 30, 1980. Plaintiff contends, however, that the denial was rescinded, and

---

1. On a motion under Rule 12(b)(1) of the Rules of this Court, where a jurisdictional defect is not apparent on the face of the complaint, the Court may dismiss on the basis of the complaint, supplemented by undisputed facts in the record, plus the Court's resolution of disputed facts. *See Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981). The Court makes no factual findings on this motion, since the jurisdictional question may be resolved on the basis of plaintiff's factual allegations.

that the time for filing an action did not begin to run until March 30, 1983. The question presented is whether Customs may rescind the denial of a protest after it has been mailed.

Plaintiff argues that rescission is authorized by 19 U.S.C. § 1515(a) (1982), which allows Customs two years in which to review and approve or deny a protest in whole or in part. Because the alleged rescission occurred within two years of the filing of the April protest, and section 1515(a) does not specifically prohibit Customs from modifying or rescinding a decision on a protest within the two-year period, plaintiff contends the rescission was proper.

"It is, of course, fundamental that timely filing of a summons is a jurisdictional condition for bringing a civil action in this court, and such a condition must be strictly observed." *Texas Mex Brick & Import Co. v. United States*, 72 Cust.Ct. 291, 292, 371 F.Supp. 579, 581 (1974) (footnote omitted); *see F.W. Myers & Co. v. United States*, 6 C.I.T. ——, Slip Op. 83–132 (Dec. 16, 1983). Although section 1515 limits to two years the time in which Customs must grant or deny a protest, it does not authorize Customs to exercise jurisdiction over a protest after it has been denied. Once Customs mailed the denial of the April protest, plaintiff had but two courses it could pursue: to abandon the protest, or to bring an action in this Court. *See Raphael Weill & Co. v. United States*, 21 CCPA 152, 157, T.D. 46479 (1933).

Plaintiff also argues that recission of the denial of a protest is authorized by 19 U.S.C. § 1520(c) (1982). Under that section, Customs may be petitioned to "reliquidate an entry to correct—(1) a clerical error, mistake of fact, or other inadvertence ... adverse to the importer and manifest from the record ... in any entry, liquidation, or other customs transaction ...." *Id.* Plaintiff argues that Customs' failure to grant further review of the April protest is an inadvertence correctable by the section 1520(c) petition.

Section 1520(c) authorizes Customs to "reliquidate an entry" under the circumstances set forth therein. Plaintiff did not seek to have an entry reliquidated by its petition. The recission of a denial of a protest is neither contemplated nor authorized by section 1520(c). Customs' actions could not extend the time for filing an action in this Court, since Customs is powerless to expand the Court's jurisdiction. *See Audiovox Corp. v. United States*, 8 C.I.T. ——, 598 F.Supp. 387, 389–90 (1984), *aff'd*, 764 F.2d 848 (Fed.Cir.1985).

█ Finally, plaintiff contends that defendant is estopped from raising the timeliness defense because the purported recission was carried out by Customs officials and relied upon by plaintiff.

Estoppel is inapplicable in this case. A time limitation that is a jurisdictional prerequisite is not subject to waiver or estoppel. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392–93, 102 S.Ct. 1127, 1131–32, 71 L.Ed.2d 234 (1982); *Sims v. Heckler*, 725 F.2d 1143, 1145 (7th Cir.1984); *United States v. Reliable Chemical Co.*, 66 CCPA 123, 128, 605 F.2d 1179, 1184 (1979).

Plaintiff's action contesting Customs' denial of the April protest was not timely commenced and the Court is without jurisdiction to consider that claim.

IT IS HEREBY ORDERED that defendant's motion to sever and dismiss is granted.

### JUDGEMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS ORDERED, ADJUDGED, and DECREED that Protest No. 28090 000466 and Entry No. 147522 are severed from this action and this action is dismissed as to that protest and entry.