**PEERLESS INSURANCE CO., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 87–06–00721.**

United States Court of
International Trade.

Dec. 30, 1988.

Doherty & Melahn, William E. Melahn, Boston, Mass., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, New York City, Barbara M. Epstein, U.S. Customs Service, International Trade Litigation, Edward N. Maurer, for defendant.

DiCARLO, Judge:

This action is before the Court following denial by the United States Customs Service (Customs) of a protest by the Peerless Insurance Company (Peerless) against payment as surety on a single-entry bond. The Court holds that Peerless did not file its protest within the 90 day statutory limit required by 19 U.S.C. § 1514(c)(2)(A) (1982). The Court dismisses this action for lack of jurisdiction.

BACKGROUND

Peerless is the surety on a single-entry bond for laminated boxes imported from Finland by the principal on the bond, the Asoma Corporation (Asoma). The Asoma bond was issued for Peerless through an independent agent, but was executed by a customshouse broker on August 4, 1982 who filed with Customs in the Port of Chicago. Customs liquidated the entry on October 7, 1983 with increased duties that Asoma never paid. On February 1, 1985, Customs mailed Peerless a letter making formal demand for payment of the deficient duties under the Asoma bond as well as other bills not here in dispute. The letter stated:

enclosed herewith is a listing of 419 bill(s) due to the United States Customs Service totaling [$1,175,852.25] owed by principals for whom you are surety and which were due and payable on the dates indicated in the enclosure. Formal demands were made on the principals involved but the bills remain unpaid as of February 01, 1985. Under the terms of your bond you are an original promisor and debtor with each of your principals. This is a formal demand upon you for payment of the amounts noted on the enclosures hereto.

An attached computer printout of the bills listed the bill totalling $3055.42 for the Asoma bond. For each bill, the printout set forth in columns under headings the name and address of the delinquent debtor, the bill number, billing date, port name, document date, entry number, the amount due, and the importer number. On October 7, 1986, Customs again sent Peerless a demand letter containing essentially the same language and information as the February 1, 1985 demand. On December 2, 1986, Customs sent Peerless a "supplemental collection letter," mailed after liquidation when there has been no payment or protest filed. This letter included a copy of the Asoma bond and the entry form.

On January 27, 1987, Peerless filed a protest against payment on the Asoma bond, alleging that Customs improperly liquidated the merchandise. Customs denied the protest as untimely because it was not filed within 90 days of the February 1, 1985 demand letter as required by 19 U.S.C. § 1514(c)(2)(A) (1982) and 19 C.F.R. § 174.13(e)(3). Peerless then commenced this action, whereupon Customs moved for dismissal under Rule 12(b)(1) of the Rules of this Court for lack of subject-matter jurisdiction. Peerless counters that the February and October letters were legally insufficient notice for a surety to ascertain its liability and rights on the bond because Customs did not furnish a copy of the bond. Peerless asserts that the supplemental collection letter of December 2, 1986 was the first legally sufficient demand and thus the protest was timely.

## DISCUSSION

The only issue is whether the information in Customs' demand for payment provided sufficient notice to Peerless for it to identify the bond without a copy of it being attached to Customs' demand for payment.

Since at least 1977, Customs has made its demands for payment upon sureties using computerized printouts which identify the name and address of the delinquent importer, the bill number, billing date, port of entry, document date, entry number, the amount due, and the importer number. Peerless claims that although Customs has been providing this information since at least 1977, Congress expressed its displeasure with the adequacy of notice given to sureties when it enacted the Trade Agreements Act of 1979. Pub.L. No 96–39, § 1001(b)(3)(E), 93 Stat. 144, 305 (1979). Legislative history of the 1979 Trade Act reveals, however, that Congress extended the period during which sureties could file a protest due to concern that sureties were not receiving timely notice, rather than insufficient notice. *See* S.Rep. No. 249, 96th Cong. 1st Sess. 254, *reprinted in* 1979 U.S.Code Cong. & Admin.News 381, 640.

When Customs sent a demand for payment which lacked the information identified in the column headings of the computer printout, this Court found that Customs failure to provide that information gave inadequate notice to the surety. *Old Republic Ins. Co. v. United States,* 10 CIT 1, 625 F.Supp. 983 (1986). Although the headings in *Old Republic* were the same as those presently in dispute, the *Old Republic* court did not decide whether notice would have been sufficient had all the information been provided under each of the column headings.

Unlike *Old Republic,* Customs has provided Peerless all the information under each of the column headings in the demand on the Asoma bond. Peerless thus knew the name and address of the delinquent importer, the bill number, billing date, port of entry, document date, entry number, the amount due, and the importer number. Using this information, Peerless could have

obtained a copy of the bond from the Customshouse at the port of entry or from its own files.

Peerless argues that the demand for payment is nonetheless insufficient in the absence of a copy of the bond upon which the government is basing its claim for payment. Peerless claims that it needs a copy of the bond to ascertain its own liability. If Customs does not provide a copy of the bond with the demand for payment, Peerless states that it is practically impossible to obtain a copy of the bond on its own because of the manner Peerless executes and files import bonds.

Import bonds are often executed with the importer and filed with Customs on behalf of the surety by a customshouse broker selected by an independent agent of the surety. *Affidavit in Support of Peerless' Opposition to Plaintiff's Motion to Dismiss* at 2. Peerless asserts that it is customary for only the customshouse broker and Customs to retain copies of an executed bond. Peerless claims it is difficult, if not impossible, to obtain a copy of the bond from the broker after the demand is made because in most cases the surety does not know the identity of the broker or the broker may have moved, gone out of business, or simply be intransigent.

The Court rejects Peerless' contention that it did not receive sufficient notice. First, although Peerless may have experienced difficulty in obtaining a copy of the bond from its own broker, Peerless admits that it did not even attempt to obtain a copy of the bond from the customshouse using information that Customs provided in its demand for payment. From the information contained in the demand for payment, Peerless could have obtained a copy of the bond from the Customshouse at the port of entry where the bond was originally filed. Second, notice to a surety for payment is not rendered insufficient merely because the record-keeping practices of the surety are inadequate. *See Magee v. Manhattan Life Ins. Co.,* 92 U.S. 93, 98, 23 L.Ed. 699 (1875) (a surety "must not rest supine, close his eyes, and fail to seek important information within his reach").

The fact that Peerless' record-keeping practices may be long-standing does not alter this conclusion. In the view of the Court, any difficulties facing a surety in securing copies of its import bonds or identifying its own agents can be overcome by requiring that each broker or agent submit a copy of the bond to the surety upon execution with the importer or filing with Customs. A prudent surety would thus have a copy of all bonds under which it may be liable, which could be examined immediately upon receiving a demand for payment without having to travel to the Customshouse at the port of entry or track down the broker.

## CONCLUSION

The Court finds that the February 1, 1985 demand upon Peerless for payment provided sufficient notice because it included enough information for Peerless to ascertain its obligations on the bond. This result does not denigrate from the requirement that the surety must receive actual notice from Customs. *See* 19 U.S.C. § 1514 (1982); *Old Republic Ins. Co. v. United States,* 10 CIT 1, 625 F.Supp. 983 (1986). The Court merely holds that Customs is not required to attach a copy of the bond to its demand for payment when Customs provides sufficient information for the surety to locate the bond and ascertain its liability for payment.

In order for the court to have jurisdiction in Customs cases under 28 U.S.C. § 1581(a) (1982), a timely protest must first be filed with Customs. 19 U.S.C. § 1514(c)(2)(A) (1982); *San Francisco Newspaper Printing Co. v. United States,* 9 CIT 517, 620 F.Supp. 738 (1985). Because no protest was filed within the 90 day period after notice of demand for payment, the Court dismisses this action for lack of subject-matter jurisdiction.