AMERICAN MOTORISTS INSURANCE COMPANY, Plaintiff–Appellant,

v.

Quintin L. VILLANUEVA, Jr., Regional Commissioner of Customs, Pacific Region, William Von Raab, Commissioner of Customs, and the United States Customs Service, Defendants–Appellees.

No. 89–1269.

United States Court of Appeals, Federal Circuit.

Aug. 3, 1989.

Philip Russotti, Russotti & Barrison, and Wayne Matus, Christy & Viener, New York City, argued for plaintiff-appellant. With them on the brief were Harvey Barrison, of Russotti & Barrison, and Meric C. Block, of Christy & Viener, New York City.

James A. Curley, Dept. of Justice, New York City, argued for defendants-appellees. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office.

Before FRIEDMAN, NIES, and ARCHER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States Court of International Trade that rejected various challenges to the action of a Regional Commissioner of the United States Customs Service. After the Customs Service unsuccessfully had attempted to obtain payment from a surety on 113 claims that the obligors on the surety bonds had failed to pay, the Regional Commissioner informed the surety that the

Customs Service would refuse to accept its surety bonds for five days or until the debts were paid. The Court of International Trade dismissed the surety's suit seeking to enjoin the Customs Service from taking such action. *American Motorists Ins. Co. v. Villanueva,* 706 F.Supp. 923 (1989). We affirm.

The appellant provides surety bonds for the importation of merchandise into the United States. Over several years the Customs Service had accumulated 113 claims against the appellant for charges that the persons covered by the bond had failed to pay. Customs made several demands for payment upon the appellant, which the appellant failed to pay.

The Regional Commissioner of Customs sent a notice to the appellant that the appellant was required to pay the 113 claims "or show just cause why it is delinquent in payment on outstanding debts incurred by your firm as surety under the terms of your Customs Bond(s)." The letter further informed the appellant that if within 14 days payment was not made "or justification provided for failure to pay" or the appellant had not "demonstrate[d] the existence of a significant legal issue which justifies further delay in payment[,] ... I will issue instructions advising that no entries or other transactions secured by new single transaction or continuous bonds written by your company will be accepted within the Pacific Region."

The appellant filed a response that the Regional Commissioner concluded did not justify the appellant's "failure to pay your outstanding debts or demonstrate[ ] the existence of a significant reason to justify any further delay in payment." The Regional Commissioner informed the appellant that he had notified the district directors in the Pacific region "not to accept any bonds secured by" the appellant, and that this decision would "remain in effect for a minimum of five (5) days or until all outstanding delinquencies are resolved, whichever is later."

The appellant then filed the present action in the Court of International Trade to enjoin the Customs Service from carrying out its proposed action. The court granted a temporary restraining order.

After a hearing, the court dissolved the temporary restraining order, denied a preliminary injunction, and dismissed the action. In a 22–page opinion, the court fully considered and rejected the grounds upon which the appellant challenged the Regional Commissioner's action. This court granted an injunction pending appeal.

In this court the appellant basically repeats the arguments it made in the Court of International Trade. We agree with the findings and conclusions in the well-reasoned and convincing opinion of Judge Tsoucalas of the Court of International Trade. The injunction pending appeal is dissolved.

AFFIRMED.