AMERICAN MOTORISTS
INSURANCE CO., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 88–03–00237.

United States Court of
International Trade.

May 10, 1990.

Russotti & Barrison, Harvey Barrison, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, New York City, and Al J. Daniel, Jr., for defendant.

OPINION

MUSGRAVE, Judge.

BACKGROUND

The plaintiff in this case is a surety for a general term import bond placed with the

Customs Service ("Customs") by an importer and covering the import into the United States of two entries of merchandise at issue here. After liquidation of the merchandise, Customs sent to the plaintiff on August 11, 1986 a document titled "Formal Demand on Surety" stating that the principal debtor under the bond, the importer, had not paid the import duties due on the merchandise covered by the bond and requesting that the surety pay the amounts due pursuant to its obligation under the bond. Accompanying that document was a computer printout that provided the name and identification number of the importer, and listed for each overdue entry bill the entry number, bill number, bill date, billing location, "document date", amount due, and "age category" of the respective bills.

Under 19 U.S.C. § 1514(c)(2), a decision of a customs officer as to charges or exactions on imported merchandise is deemed conclusive against, *inter alios,* a surety on an import bond unless the affected surety files a protest of that decision within 90 days from the date of mailing by Customs of a "notice of demand for payment" in accordance with that statutory provision. The defendant asserts that the August 11 communication constituted a "notice of demand for payment" within the meaning of 19 U.S.C. § 1514(c)(2). The plaintiff contends that it did not.

The plaintiff filed a protest denying liability under the bond on July 31, 1987 in which it claimed that the bond had undergone material alterations and that its surety obligations under the bond were therefore discharged; the plaintiff also contested Custom's classification of the imported merchandise. The defendant argues that because that protest was filed well in excess of 90 days after Customs sent the August 11, 1986 communication, the protest was untimely filed and that consequently the determination by Customs of the plaintiff's liability is conclusive under 19 U.S.C. § 1514(c)(2). The plaintiff denies that the August 1986 communication was effective as a notice of demand for payment, alleging that it was instead a later communication from Customs, sent on July 8, 1987, that constituted a demand in accordance with the statute. Because the plaintiff's July 31, 1987 protest was filed within 90 days of this latter date, the plaintiff contends that its protest was timely filed under the statute and that Customs' refusal to consider the protest was improper.

The central issue in this case, then, is whether the August 1986 communication was a legally effective demand, so as to begin the 90–day period within which a protest was required to be filed, or was not effective, in which case the July 1987 demand began the 90–day period. The plaintiff contends that the 1986 communication was ineffective as a formal demand because Customs did not include with the communication "copies of the bond, entry papers and other relevant documents". Plaintiff's Brief at 6. The 1987 communication from Customs was accompanied by "copies of the respective bills, entries and bonds", Plaintiff's Exhibit A, and the plaintiff contends that it was therefore the later communication that constituted effective notice of demand for payment. Asserting that its protest was therefore timely filed, the plaintiff invokes the jurisdiction of this Court under 28 U.S.C. § 1581(a) and (i) to request that the Court find the merchandise to have been improperly classified and order its reliquidation in accordance with the plaintiff's proposed classification, and that the Court adjudge the bond at issue to be null and void due to the alleged alteration and hold the plaintiff to be consequently relieved of liability under the bond.

At the time the present action was filed, there were pending before this Court two other cases that involved the same or substantially the same issue presented here: *American Motorists Insurance Co. v. Villanueva,* 12 CIT ——, 706 F.Supp. 923 (1989) and *Peerless Insurance Co. v. United States,* 12 CIT ——, 703 F.Supp. 104 (1988). This Court therefore delayed rendering a decision in the instant action pending consideration by the Court of Appeals for the Federal Circuit of appeals from those related decisions. The Court of Appeals subsequently affirmed those decisions, upholding the liability of the surety

in each case. *American Motorists Insurance Co. v. Villanueva*, 880 F.2d 409 (1989); *Peerless Insurance Co. v. United States*, 891 F.2d 298 (1989). Those decisions dictate the same result in the present case.

The Court finds that the August 1986 communication constituted effective notice of demand on the plaintiff for payment under the bond and that the plaintiff's July 1987 protest was therefore not timely filed with Customs. Consequently, the determination by Customs of the plaintiff's liability is conclusive under 19 U.S.C. § 1514(c)(2).

## DISCUSSION

### 1581(a)

This Court has jurisdiction under 28 U.S.C. § 1581(a) over denials by Customs of protests filed under 19 U.S.C. § 1515. The subjects of and procedures for filing § 1515 protests are prescribed in 19 U.S.C. § 1514. Among the protest categories covered by the latter section is the type of protest filed by the plaintiff, and denied by Customs, in this case: protests of "(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury". Subsection (c)(2) of section 1514 establishes the 90–day time period, noted above, within which a protest provided for by that section must be filed. The standard for determining whether a purported notification of delinquency and demand for payment constitutes a formal "notice of demand for payment against [a surety's] bond" within the meaning of section 1514(c)(2) was stated by this Court in *Old Republic Insurance Co. v. United States*, 10 CIT 1, 625 F.Supp. 983 (1986). To qualify under that standard, a demand for payment must "provide a surety sufficient means of ascertaining the bond on which demand for payment is being made". *Id.* at 4–5, 625 F.Supp. at 986. The communication sent by Customs to the surety in *Old Republic* was similar to the one Customs mailed to the plaintiff in the present case. It included a computer printout listing numerous bonds on which payment from the surety was requested. An accompanying letter stated that the amounts due

on the listed bonds had not been paid by the principals thereon after demands on the principals and that the addressee surety was an original promisor on the bonds; the letter then stated, "This is a formal demand upon you for immediate payment of the amounts noted on the enclosures hereto". *Id.* at 2, 625 F.Supp. at 984. The enclosed computer printout listed for each bond or bill the bill number, the billing date, the port of entry, and the amount due. The printout did not provide the names and addresses of the delinquent principals or the entry numbers for the bills and corresponding merchandise, nor did the communication include a copy of the relevant bonds. A subsequent communication from Customs to the surety identified the principals and entry numbers and included copies of the bonds.

The Court in *Old Republic* found, contrary to the government's contention there, that the earlier communication was not a sufficient notice of demand for payment against the bond at issue, because of the absence from that communication of the information noted above. Consequently, the Court held that the 90–day period within which the surety's protest had to be filed was not begun until the later communication which *did* include that information, and the Court therefore denied the government's motion to dismiss the surety's challenge of liability as untimely filed relative to the earlier communication.

The plaintiff surety in the instant action argues for the same result here based on similar reasoning. An examination of the *Old Republic* and subsequent opinions and of the particular facts at issue in this case, however, shows that a different result is required here.

In *American Motorists*, 706 F.Supp. 923, the plaintiff American Motorists was a surety for bonds on which 113 outstanding claims against principals had accrued. Customs sent to the surety several notices of delinquency and demands for payment of the outstanding amounts, to which the surety either did not respond at all or submitted a rambling, obfuscatory response. Thereafter, Customs, concluding that the

response filed did not constitute an adequate defense to the claims, formally designated the company as delinquent and temporarily refused to accept new bonds from it.

The notices sent to the surety contained, *inter alia,* the relevant claim numbers; port name and code; broker number; name, address, and identification number of the principal; date of entry; entry number; description of merchandise; and payment amount. A copy of the bond and entry documents were included in some, but not all, of the notices. In seeking a preliminary injunction to prevent Customs from refusing to accept new bonds from it, the surety essentially argued that it had not received sufficient notice under 19 C.F.R. § 113.38(c)(4) (requiring that a surety be provided notice of delinquency and opportunity to respond before Customs may refuse to accept new bonds from the surety), because each and every notice sent by Customs did not contain, in addition to the above information, a copy of the relevant bonds. The Court dismissed that argument, holding that the information provided in the notices, including the notices not accompanied by copies of the bonds, was adequate to enable the surety itself to obtain additional copies of the bonds if it so desired, and in any event to sufficiently identify the particular transactions involved so as to enable it to respond to Customs' enquiries.

The context of the earlier *American Motorists* case is somewhat different from that presented here in that the earlier decision turned on a determination of the sufficiency of notice under the *regulation* 19 C.F.R. § 113.38(c)(4), while the present case requires such a determination under the *statute* 19 U.S.C. § 1514. The Court stated in the earlier *American Motorists* opinion that the requirements for sufficient notice under the C.F.R. regulation involved there are less stringent than the requirements under the statute involved here.

Nevertheless, the earlier *American Motorists* opinion is useful in the present case, not only because of the substantial similarity of the facts presented in the two cases,

but also because of the construction in that opinion of the *Old Republic* decision and its notice criterion. The Court stated in *American Motorists,*

> It cannot be said that *Old Republic* established an inflexible rule which categorically requires Customs to enclose a copy of the bond for each notice of claim and each notice of demand for payment.

12 CIT at ——, 706 F.Supp. at 928. Instead, the Court interpreted *Old Republic* as requiring just what it purports to require: that Customs provide whatever information is necessary in a given case to provide a surety with sufficient means of ascertaining the bond or bonds on which demand for payment is being made. *Id.; Old Republic,* 10 CIT at 4–5, 625 F.Supp. at 986. Depending upon what other information is provided in the notice and demand, this requirement may or may not include copies of the relevant bonds. The Court of Appeals for the Federal Circuit has affirmed the *American Motorists* opinion. 880 F.2d 409.

*The Peerless* case involved facts even more similar to those presently presented than did *American Motorists.* In *Peerless,* Customs had mailed to the surety Peerless a letter making formal demand for payment of overdue duties unpaid by the importer principals. Attached to the letter was a computer printout listing the bills due, and providing for each bill the name and address of the delinquent debtor, the bill number, billing date, port name, document date, entry number, amount due, and importer number. Subsequently, Customs sent Peerless another delinquency letter containing essentially the same information, and then a third letter providing, in addition to the above information, a copy of the particular bond and entry form at issue. Peerless did not file a protest of liability under 19 U.S.C. § 1514 (the statute involved in the present case, in contrast to the *regulation* involved in the earlier *American Motorists* case) until well beyond 90 days after receiving the first two delinquency notices and demands for payment. Peerless contended, however, that because neither of those communications contained copies of the relevant bond, it

was only the third communication, containing such a copy, that constituted effective notice to begin the 90–day period under 19 U.S.C. § 1514.

The Court rejected that argument as it did in *American Motorists*. The Court in *Peerless* found that with the information contained in the initial demand for payment, the surety could have obtained a copy of the bond from the customhouse at the port of entry where the bond was originally filed. Moreover, the Court stated that "notice to a surety for payment is not rendered insufficient merely because the record-keeping practices of the surety are inadequate." 12 CIT at —, 703 F.Supp. at 106 (citing *Magee v. Manhattan Life Insurance Co.*, 92 U.S. 93, 98, 23 L.Ed. 699 (1875)). The Court of Appeals for the Federal Circuit affirmed that decision as well. 891 F.2d 298.

The computer printout sent to the plaintiff in the present case is substantially identical to that found by the Court in *Peerless* to constitute sufficient notice under the statute. As noted earlier, it provided the name of the delinquent debtor importer and the importer's identification number; for each of the overdue bills, it also listed the entry number, the bill number, the billing location, the bill date, the "document date", the amount due—listing separately for each bill the total amount, principal amount, and interest amount due, and the "age category" of the bills—either 60, 90, or 120 days, or longer. This Court flatly rejects any notion that with this information but without a copy of the bond itself on which demand for payment was being made, the plaintiff was unable to ascertain the identity of that bond. Information almost identical to this was held in *Peerless* to constitute sufficient notice under the same statute involved in this case. Pursuant to that precedent, and for the same reasons, the Court reaches the same conclusion here.

Plaintiff asserts that until Customs rejected its protest in this action, "Customs had accepted as timely filed protests that were received within 90 days of the date of the mailing of a letter of demand for liqui-

dated increased duties which was accompanied by the documentation involved in the entry. [American Motorists] was never informed that this practice would stop until the denial of the instant protest...." Plaintiff's Brief at 3. In support of this contention, the plaintiff cites an affidavit submitted by its own attorney-in-fact in this action, Mr. John J. Sheppard, in which he states,

> As long as I have been in the business it has been the practice of the U.S. Customs Service that a claim was made upon a surety only by means of a formal and specific letter of demand accompanied by a copy of the bond, entry and bill.

Plaintiff's Exhibit D. With regard to the plaintiff's desire for a "formal and specific letter of demand", the Court notes, in addition to the information provided in the computer printout, the following language in the accompanying August 11 letter:

> *This is a formal demand upon you for payment of the amount(s) noted on the enclosure(s)* totaling $4,225,865.34 [then stating separately the principal and interest amounts] due to the United States Customs Service by principal(s) for whom you are surety and which were due and payable on the dates indicated in the enclosure(s). Formal demands were made on the principal(s) involved but the bill(s) remains unpaid as of July 31, 1986. Under the terms of your bond you are an original promisor and debtor with each of your principals.

Defendant's Exhibit B (emphasis added). The defendant argues:

> It is difficult to imagine how [that letter] could have employed the English language more effectively or directly than it did. It squarely said to plaintiff American Motorist two things: (1) the principal on your bond has *not* paid and (2) therefore, you *must* pay. Those clear assertions, coupled with the specific and detailed information concerning the entries, bills, and amounts, could have been ignored by plaintiff only at its peril. It should not be heard to say that it felt comfortable ignoring Customs' demands until [Customs] threatened to take for-

mal action to terminate plaintiff's customs bond—writing activity before it had to do anything toward honoring its financial obligations under its delinquent bonds.

Defendant's Brief at 7. The Court agrees.

In addition to the affidavit of its attorney, the plaintiff cites, to support its allegation of a "practice" of Customs of making formal claims on sureties only by communications containing copies of the underlying documents, an excerpt from the deposition testimony of a Customs official in an unrelated bankruptcy case. The Court does not find this excerpt persuasive. In any event, the plaintiff's allegation is contradicted by this finding in *Peerless:*

> Since at least 1977, Customs has made its demands for payment upon sureties using computerized printouts which identify the name and address of the delinquent importer, the bill number, billing date, port of entry, document date, entry number, the amount due, and the importer number.

12 CIT at ——, 703 F.Supp. at 105. The plaintiff has presented no evidence that convinces the Court that plaintiff's alleged "practice", rather than that found by the Court in *Peerless,* reflects the methods actually followed by Customs. Moreover, the plaintiff could in any event have protected itself by responding to the clearly denominated formal demand of August 11 with at least an enquiry as to the future procedures to be followed if the already unpaid and overdue charges were allowed to remain delinquent.

These findings concerning Customs' notice and demand methodology "[s]ince at least 1977" also defeat the plaintiff's contention that the methodology contravenes the Administrative Procedure Act ("APA"). The plaintiff characterizes the methodology as a "change in procedure", and as an exercise of "rulemaking procedures" which under the APA may generally be undertaken only after notice and an opportunity to comment is provided to the public. 5 U.S.C. § 533; Plaintiff's Brief at 7–8. Because the Court concludes that there was no "change" in Customs formal notice and demand methodology, it is not necessary to consider whether such methodology constitutes a "rule" within the meaning of the Administrative Procedure Act. Even assuming that it does, there was no change, and therefore there could have been no rule "making" to invoke the procedural prerequisites of the APA.

Even more unfounded is the claim that the methodology is "arbitrary, capricious, and an abuse of discretion" under the APA. The plaintiff supports this claim by arguing that "Customs failed to articulate any rational basis for the change" and "has applied it retroactively", "encourag[ing] [the plaintiff] to rely on past practice...." Plaintiff's Brief at 10. Aside from the controlling fact that the Court finds no change in procedures to invoke the APA, the Court has the most serious doubts, given the substantial amount of information provided in the communication received by the plaintiff, as to the plausibility of asserting that a failure to supplement this information with a copy of the underlying bond rises to the level of being arbitrary and capricious or an abuse of discretion, the standard of review under the APA that is most deferential to the agency's discretion. 5 U.S.C. § 704.

Finally, also without merit is the plaintiff's contention that Customs' methodology violates the APA "in that it was not within the proper construction of the enabling statute and violated the spirit of the expressed Congressional intent." Plaintiff's Brief at 11. The statute plaintiff refers to is the 1979 amendment to 19 U.S.C. § 1514, extending to 90 days the period of time in which sureties and other persons may protest liability under import bonds. The Court stated in *Peerless* that this amendment was prompted by a "concern that sureties were not receiving *timely* notice, rather than [that they were receiving] *insufficient* notice." 703 F.Supp. at 105 (emphasis added); *see* S.Rep. No. 249, 96th Cong. 1st Sess. 254, *reprinted in* 1979 U.S.Code Cong. & Admin.News 381, 640. The information provided by Customs' August 11 communication was quite sufficient, and the plaintiff was thereby provided with timely notice; therefore, the

"spirit of the expressed Congressional intent" in the amendment is not violated.

In addition to the procedural infirmities of the plaintiff's complaint, the Court notes an apparent substantive incongruity therein. The plaintiff alleges as part of its complaint that one of the bonds at issue was materially altered in that a "rider" was incorporated into the bond (by an "x" marked in a pre-printed box on the bond providing for such incorporation) without the plaintiff's consent. However, the bond also contains a stamped statement that "All corrections and alterations [to the bond] were made *prior to the signing of the* bond", which statement is initialed by the plaintiff's attorney-in-fact, Mr. John J. Sheppard, who also signed the bond itself on the plaintiff's behalf, and whose affidavit the plaintiff offered to the Court as evidence. Nowhere has the plaintiff attempted to explain this apparent anomaly. Moreover, the plaintiff has not explained how the alleged unauthorized alteration of the bond, even if proved, prejudiced the plaintiff.

In accordance with its conclusions that the August 11 letter and printout were sufficient notice of demand under 19 U.S.C. § 1514, and that the plaintiff failed to prove a practice on the part of Customs of always enclosing a copy of the relevant bond and/or other documents in communications meant to constitute a formal demand, the Court finds that the plaintiff's protest was not timely filed under 19 U.S.C. § 1514(c)(2) as required by 28 U.S.C. § 2631(a), and that the denial by Customs of that protest is therefore conclusive under 19 U.S.C. § 1514(a). Consequently, the plaintiff is barred from maintaining this action under 28 U.S.C. § 1581(a). *Computime, Inc. v. United States*, 8 CIT 259, 601 F.Supp. 1029 (1984), *aff'd.* 3 Fed.Cir. (T) 175, 772 F.2d 874 (1985); *Star Sales & Distributing Corp. v. United States*, 10 CIT 709, 663 F.Supp. 1127 (1986); *Omni U.S.A. v. United States*, 11 CIT 480, 482, 663 F.Supp. 1130, 1132 (1987), *aff'd*, 6 Fed. Cir. (T) 99, 840 F.2d 912 (1988), *cert. denied*, 488 U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 34 (1988).

## 1581(i)

The plaintiff also asserts jurisdiction under 28 U.S.C. § 1581(i), seeking thereunder a declaratory judgment that the bond covering the entries here involved is null and void. Plaintiff's Brief at 16. It is settled as a general rule that the jurisdiction of this Court under section 1581(i) is, as stated in subsection (i) itself, "in addition to the jurisdiction conferred ... by sections 1581(a)–(h)". The Court of Customs and Patent Appeals, predecessor to the Court of Appeals for the Federal Circuit, has held that subsection (i) is "not to be used generally to bypass administrative review by meaningful protest." *United States v. Uniroyal, Inc.*, 69 CCPA 179, 183–84, 687 F.2d 467, 472 (1982). In *Uniroyal*, the Court of Customs and Patent Appeals held that section 1581(i) jurisdiction was not available to the plaintiff in that case for a declaratory judgment, because the Court determined that the plaintiff had available but failed to utilize an adequate remedy under section 1581(a). *See also Norcal/Crosetti Foods, Inc. v. United States*, 14 CIT —, 731 F.Supp. 510, 515 (1990).

The present case is analogous to *Uniroyal*, and that decision therefore dictates a similar outcome here. The plaintiff here sought relief under section 1581(a), but failed to do so in the timely manner prescribed in 19 U.S.C. § 1514. Having failed to properly avail itself of that remedy, the plaintiff can not now escape the consequences of that failure by seeking alternatively to invoke the jurisdiction of this Court under 28 U.S.C. § 1581(i).

The plaintiff contends that should the Court find its request for a declaratory judgment to be "preempted" under the general rule stated above, the Court still may exercise jurisdiction under 1581(i) pursuant to the exception to the general rule recognized for situations in which 1581(a) or other established jurisdictional bases are "manifestly inadequate". However, the plaintiff fails to demonstrate how the normal protest procedures under 19 U.S.C. § 1514 and 28 U.S.C. § 1581(a) would have been inadequate in this case. The plaintiff

argues that because the present case only involves two of numerous entries under the bond at issue, if this Court finds the bond to be invalid the plaintiff would then be in the "anomalous position" of having to protest any demands for payment on the other entries by first paying the full amount due on those entries. Plaintiffs Brief at 19.

As stated herein, the Court will not here declare the bond to be invalid, because the plaintiff has not properly followed the procedures for protesting its liability and invoking this Court's jurisdiction. Therefore, the plaintiff will not find itself in such an anomalous position. As the Court of Appeals for the Federal Circuit stated in *Uniroyal*, "[the plaintiff's] belief that it had no remedy under § 1581(a) would not make that remedy inadequate. [The plaintiff] simply made no attempt to use it." 687 F.2d 467, 475.

### CONCLUSION

Under the relevant statutory provisions and the cited decisions of this Court and the Court of Appeals for the Federal Circuit, the communication that Customs sent to the plaintiff on August 11, 1986 clearly was sufficient to inform the plaintiff of the fact and the details of its liability under the bond for the amounts due on the entries. On the facts of this case, if the plaintiff wished to protest its liability, it was required to do so in the manner prescribed by Congress in 19 U.S.C. § 1514 and thereafter to bring any complaint before this Court under the corresponding jurisdictional provision 28 U.S.C. § 1581(a). Having failed, even within the additional time period provided by the 1979 amendment, to timely file a protest as prescribed by § 1514, and having failed to show the inadequacy of that standard statutory remedy, the plaintiff is precluded from now circumventing those standard procedures and availing itself of the Court's jurisdiction by other avenues. To permit such a maneuver would be to contravene the statutory framework established by Congress. Accordingly, the plaintiff's complaint is dismissed.